# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD G. ALLEN, #B-02617, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-588-MJR |
| | ) |
| DAVID MATIVEZ, | ) |
| RON & JO'S GUN SUPPLIES STORE, | ) |
| O'FALLON POLICE DEPT., | |
| CITY OF O'FALLON, IL, | |
| JOHN DOE EMPLOYEES OF RON & | |
| JO'S GUN SUPPLIES STORE, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such

relief.

28 U.S.C. §1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that this complaint is subject to dismissal.

**Facts:**

On August 13, 2009 Plaintiff accompanied his wife to the Ron & Jo's Gun Supplies Store in O'Fallon, IL, where she intended to purchase a firearm. His wife purchased a handgun, but pursuant to gun laws was told she would have to wait at least three days before she could actually take the gun. As Plaintiff and his wife were driving away, they were stopped by Defendant Mativez, an O'Fallon, IL police officer and other officers. Plaintiff's wife was informed that they were stopped because of a low muffler. Defendant Mativez then asked Plaintiff why he was at a gun store, and he replied that his wife was purchasing a fire arm. Plaintiff's wife was issued a ticket for the muffler, and then they were released.

On August 18, 2009 employees of Defendant Ron & Jo's Gun Supplies Store called to tell Plaintiff's wife that she could now come get her weapon, which she did. Once the weapon was picked up and placed in the trunk of the vehicle, Plaintiff's wife began driving away from the shop. A short time later, a fleet of police cars were behind the car. Plaintiff's wife pulled over, and officers surrounded the vehicle with weapons drawn, at which time Plaintiff was removed from the vehicle. Plaintiff was then cuffed by an unnamed officer so that the cuffs cut into his skin, and taken to the O'Fallon Police Department.

Once at the station, Plaintiff was once again questioned as to why he was at a gun store and why Plaintiff's wife purchased a gun. After a number of hours Plaintiff and his wife were released

without being charged with any crime. Plaintiff then went to the hospital to receive treatment for the cuts on his wrists. Plaintiff contends that the named Defendants discriminated against him based on the color of his skin.

**Discussion:**

Plaintiff alleges that Defendants' actions were motivated by race. Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth amendment unless it is narrowly tailored to serve a compelling state interest. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race. *Id.*

Plaintiff alleges that Defendant Mativez discriminated against him when the car Plaintiff was riding in was pulled over and issued a ticket for a muffler violation. Plaintiff alleges that had he not been African American, the car likely would not have been pulled over. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

Plaintiff does not allege that Defendant Mativez did anything other than his job; pulling violators over and issuing traffic citations. Plaintiff states that he believes the stop was because of the color of his skin, but does not explain why he thinks this was the motivation behind the stop or why he felt that another individual of another race would have been treated differently. Instead, Plaintiff wishes the Court to infer that because the car he was in was pulled over, and because he is African American, that this was the motivating factor behind the stop. This inference is not reasonable, and the Court will not stretch the facts to fit the claim Plaintiff is trying to make. Because Plaintiff has not stated a claim for equal protection violations, Defendant Mativez is dismissed from this action without prejudice.

Plaintiff next attempts to sue both the O'Fallon Police Department and the City of O'Fallon, presumably for the actions taken by police officers during his arrest. Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under §1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'"(quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

Plaintiff has not alleged in his complaint that it is the official policy or custom of the O'Fallon Police Department or the City of O'Fallon to train their police officers to handcuff suspects until they bleed, or to pull over individuals because of race. Without this sort of policy, municipal entities are not responsible for the rogue actions of their employees who operate outside of accepted policy. Plaintiff has not stated that either the O'Fallon Police Department or the City of O'Fallon was responsible for the actions of their police officer employees, and for this reason the claims against Defendant O'Fallon Police Department and Defendant City of O'Fallon are dismissed without prejudice.

Plaintiff finally attempts to bring suit in this action against Defendant Ron & Jo's Gun Supplies Store, as well as John Doe employees of the store. Plaintiff claims that these Defendants were racially motivated against him because they gave him strange looks while he was in the store. To state a claim under §1983, plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Even if these Defendants did hold animosity towards Plaintiff because of the color of his skin, these Defendants are private actors. Plaintiff does not allege that Defendant Ron & Jo's Gun Supplies Store or the John Doe employees of the store were agents of the state so as to attribute their actions to acting under color of state law. While the activities of a private individual can be deemed to be "under color of law" for purposes of §1983 where the private party has acted together with or has obtained significant aid from state officials, or his conduct is otherwise chargeable to the state, private action is not converted into one under color of state law merely by some tenuous connection to the state action, and the issue is not whether the state was involved in some way in the relevant

events, but whether the action taken can be fairly attributed to the state itself. *Pa. v. Bd. Of Dir.s of City Trusts of Philidelphia*, 352 U.S. 230, 231 (1957); *West v. Atkins*, 487 U.S. 42, 56 (1988); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982); *Evans v. Newton*, 382 U.S. 296, 299 (1966).

Plaintiff has not shown that Defendant Ron & Jo's Gun Supplies Store or the John Doe employees of the store obtained any aid from the state or acted so as to attribute their actions to the state. As a result, Plaintiff cannot bring a §1983 against purely private actions, and this claim against Defendant Ron & Jo's Gun Supplies Store and the John Doe employees of the store is dismissed without prejudice.

**Disposition:**

Plaintiff is **ADVISED** that he may amend his pleading by **March 16, 2011**. Should Plaintiff fail to so amend within this time period, or show cause as to why he has not complied with this order, this case will be dismissed for non-prosecution.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

 **IT IS SO ORDERED.**

 Dated: February 23, 2011

                /s/ **MICHAEL J. REAGAN**
                **U. S. District Judge**