IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD G. ALLEN, #B-02617, )
  )
      **Plaintiff,** )
  )
vs. ) CIVIL NO. 10-cv-588-MJR
  )
DAVE MATEVEY, )
RON & JO'S GUN SUPPLIES STORE, )
O'FALLON POLICE DEPT., )
CITY OF O'FALLON, IL,
JOHN DOE EMPLOYEES OF RON &
JO'S GUN SUPPLIES STORE,

      **Defendants.**

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint with the Court in August 2010 (Doc. 1). However, this Court determined on February 23, 2011, that the complaint failed to adequately state a claim, and instructed Plaintiff that if he wanted to proceed with his case, he must file an amended complaint (Doc. 6). Plaintiff filed his amended complaint on April 8, 2011, and it is this amended complaint that the Court now reviews (Doc. 11).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

1

governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that portions of this complaint are subject to dismissal.

**Facts:**

On August 13, 2009, Plaintiff accompanied his wife to the Ron & Jo's Gun Supplies Store in O'Fallon, Illinois, where she intended to purchase a firearm. His wife purchased a handgun, but pursuant to gun laws was told she would have to wait at least three days before she could take the gun. Defendant John Doe Employee of Ron & Jo's Gun Shop (Employee), who is also an "officer,"[1] informed Defendant O'Fallon Police Department that Plaintiff's wife had purchased a gun, and that they would be returning after three days to pick it up. As Plaintiff and his wife were driving away, they were stopped by Defendant Matevey, an O'Fallon, Illinois, police officer, and other officers. Plaintiff's wife was informed that they were stopped because of a low muffler. Defendant Matevey then asked Plaintiff why he was at a gun store, and he replied that his wife was

---

[1] Plaintiff does not state what sort of "officer" he believes this Defendant to be, and the Court will not speculate.

2

purchasing a gun. Plaintiff's wife was issued a ticket for the muffler, and then they were released.

On August 18, 2009, Plaintiff returned with his wife so that she could pick up her gun. After the weapon was picked up, Defendant Employee notified O'Fallon Police Department that Plaintiff was attempting to stockpile guns and was a wanted fugitive. A short time later, a fleet of police cars was behind the vehicle. Plaintiff's wife pulled over, and officers surrounded the vehicle with weapons drawn, at which time Plaintiff was removed from the vehicle. Plaintiff was then cuffed by John Doe Police Officer, so that the cuffs cut into his skin, causing abrasions and bleeding. Plaintiff was then taken to the O'Fallon Police Department.

At the station, Plaintiff was again questioned as to why he was at a gun store and why his wife purchased a gun. After 5 hours, Plaintiff was released without being charged with any crime. Plaintiff then went to the hospital to receive treatment for the cuts on his wrists.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

    **Count One:   Conspiracy**

Plaintiff alleges that Defendants Employee, Matevey and O'Fallon Police Department conspired to harass and mistreat him because he went with his wife to purchase a handgun. Civil conspiracy claims are cognizable under § 1983. ***See Lewis v. Washington*, 300 F.3d 829, 831 (7th**

**Cir. 2002) (recognizing conspiracy claim under § 1983)**. "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date...." *Walker v. Thompson*, **288 F.3d 1005, 1007-08 (7th Cir. 2002)**. *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, **304 F.3d 734, 740 (7th Cir. 2002)**.

In the case at bar, Plaintiff states that the parties to the conspiracy are Defendants Employee, Matevey and O'Fallon Police Department. Plaintiff alleges that the general purpose of the conspiracy was to cause him undue harassment and general mistreatment. Plaintiff also indicates that the conspiracy began on August 13, 2009, the date on which his wife first attempted to purchase a gun. This is more than a bare allegation of conspiracy and is sufficient to allege a claim. For this reason, this claim cannot be dismissed at this time.

**Count Two: Excessive Force**

Plaintiff next alleges that the John Doe Police Officer, who cuffed Plaintiff after pulling him from the car, used excessive force against him when he cuffed Plaintiff so hard that Plaintiff's wrists began to bleed. Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, **230 F.3d 1027, 1032 (7th Cir. 2000)**, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, **394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999));** *see Forrest v. Prine*, **620 F.3d 739 (7th Cir. 2010)**. In the prison context, the Eighth Amendment is violated where there is an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, **475 U.S. 312, 319 (1986)**. Force is considered excessive where it is not utilized

4

in "a good-faith effort to maintain or restore discipline", but instead is applied "maliciously and sadistically" to cause harm. ***Hudson v. McMillian*, 503 U.S. 1, 7 (1992)**.

Plaintiff alleges that in this situation, the force applied by Defendant John Doe Police Officer was unnecessary to maintain or restore discipline, as Plaintiff states that he was not resisting. Plaintiff's cuffs were applied so tightly that they caused him to bleed, which does not seem to serve any legitimate disciplinary interest. Because it is not entirely clear at this point whether Defendant John Doe Police Officer's use of force was appropriate given the circumstances, this claim cannot be dismissed at this time.

**Count Three: Governmental Liability**

Plaintiff next attempts to sue the City of O'Fallon, presumably for the actions taken by police officers during his arrest. Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. ***Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)**. "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" ***Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct; 'units of local government are responsible only for their policies rather than misconduct by their workers.'"))**.

Plaintiff has not alleged in his complaint that it is the official policy or custom of the City of O'Fallon to train their police officers to handcuff suspects until they bleed or to mistreat citizens in general. Without this sort of policy, municipal entities are not responsible for the rogue actions of their employees who operate outside of accepted policy. Plaintiff has not alleged that any policy or custom of the City of O'Fallon was responsible for the actions taken by police officers, as described herein. For this reason, the claims against Defendant City of O'Fallon are dismissed with prejudice.

**Unnamed Defendants:**

Plaintiff attempts to bring suit in this action against Defendant Ron & Jo's Gun Supplies Store. Although named in the caption of the complaint, Plaintiff does not mention Defendant Ron & Jo's Gun Supplies Store elsewhere in his complaint, with the exception of pointing out the misdeeds of one employee who is a separate Defendant.

The reason that Plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, ***see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)**, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and that grounds upon which it rests.'" ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957))**. Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name

of a potential defendant is not sufficient to state a claim against that individual. ***See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")**.

Plaintiff has not alleged any claims against Defendant Ron & Jo's Gun Supplies Store, so this Defendant is not adequately put on notice and able to respond to the complaint. For this reason, Defendant Ron & Jo's Gun Supplies Store is dismissed from this action without prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendant **CITY OF O'FALLON, ILLINOIS** is **DISMISSED** from this action with prejudice. Defendant **RON & JO'S GUN SUPPLIES STORE** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **JOHN DOE EMPLOYEE OF RON & JO'S GUN SHOP, MATEVEY, O'FALLON POLICE DEPARTMENT,** and **JOHN DOE POLICE OFFICER** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly-filed amended complaint. Plaintiff is

**ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED this 11th day of May, 2011**

    **/s/ MICHAEL J. REAGAN**
**MICHAEL J. REAGAN**
**United States District Judge**